**Petition for Writ of Mandamus Denied and Majority and Dissenting Memorandum Opinions filed October 25, 2016.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-16-00814-CR**

---

**IN RE MITCHELL THOMPSON, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1492257**

---

# D I S S E N T I N G   M E M O R A N D U M   O P I N I O N

Relator Mitchell Thompson alleges that the *ex parte* order for pre-conviction HIV testing entered against him is an unconstitutional application of Article 21.31[1]

---

[1] Article 21.31 provides that a person who is indicted for an offense under *inter alia* Section 22.011 of the Penal Code, shall, "at the direction of the court on the courts own motion or on the request of the victim of the alleged offense, undergo a standard diagnostic test

of the Code of Criminal Procedure to him.  I agree and would grant Thompson's Petition for Writ of Mandamus.  Because the Majority holds that Thompson has not shown himself entitled to relief, I respectfully dissent.

After Thompson was indicted for having "plac[ed] a finger in the sexual organ of the Complainant," the State requested and the trial court ordered Thompson to submit to involuntary STD/AIDS/HIV testing.  Yet, the face of the record shows that indictment is not supported by probable cause.  Specifically, the probable cause affiant states that it was Defendant 1, not Thompson who is Defendant 2, who digitally penetrated the Complainant. Instead, Thompson, according to the affiant, "grabbed the complainant in a bear hug and placed her on the hood of the car in the driveway." The affiant further alleges that after Thompson lifted the Complainant's bra, he "put his mouth on one of the complainant's breasts."  If proven, the allegation certainly states an offense.  But it would be remarkable, indeed, if such acts were capable of causing a sexually transmitted disease and the State has never alleged as much.  Nor does the State allege that the Complainant has requested the testing.

The trial court's order for nonconsensual HIV testing is an unconstitutional application of Article 21.31 to Thompson because it

---

approved by the United States Food and Drug Administration for human immunodeficiency virus (HIV) infection and other sexually transmitted diseases." Tex. Code Crim. Proc. Ann. art. 21.31.  The Penal Code offense alleged here is "the penetration of the anus or sexual organ of another person by any means without that person's consent."   Tex. Penal Code Ann. § 22.011(a)(1)(A).

2

(a) does not require probable cause of a crime capable of causing a sexually transmitted disease;[2] and

(b) does not represent any State interest in regulation of public health or ease any trauma to the victim;[3] and

(c) ignores Thompson's expectation of privacy in his blood and his HIV status.

Further, the trial court's order is an unconstitutional application of Article 21.31 to Thompson because the face of the record on Petition for Writ of Mandamus demonstrates that there is no probable cause that Thompson committed a crime under Section 22.011(a) or any other section of the Penal Code for which HIV testing is authorized by Article 21.31.

For the foregoing reasons, I would grant Thompson's Petition for Mandamus Relief. Because the Majority does not, I respectfully dissent.

/s/    Sharon McCally
Justice

Panel consists of Justices McCally, Brown, and Wise (McCally, J., Dissenting).
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] In fact, because Section 22.011 makes it a crime to penetrate "by any means," Section 21.31 would authorize HIV testing for penetration by a sterile instrument or a tampon.

[3] *See generally* Stacey B. Fishbein, *Pre-Conviction Mandatory HIV Testing: Rape, AIDS and The Fourth Amendment*, 28 HOFSTRA L. REV. 835 (2000) (discussing the competing interests in pre-conviction testing).

3